Judgment affirmed, with costs of appeal against the appellants personally.

---

JOHN D. WEED, AND JOHN D. WEED AS EXECUTOR, ETC., OF MARY A. WEED, DECEASED, RESPONDENT, v. MYRIAM C. ALDRICH AND OTHERS, APPELLANTS.

*Will — Remainder — when vested.*

Defendants' testator devised certain property to his wife for life, "and at and after her decease, it is my will that all my estate, either real or personal, be equally divided between my two children, and to the survivor or survivors, share and share alike, * * * and to their heirs them surviving." *Held*, that the children took vested interests at the testator's death.

In a devise to one for life, and from and after his death to others, or to the survivor or survivors of them, their heirs and assigns forever, the remaindermen take a vested interest at the death of the testator ; and, in such case, words of survivorship refer to the death of the testator and not to the death of the tenant for life, unless from other parts of the will it be manifest that the intent of the testator was otherwise.

*Moore* v. *Lyons* (25 Wend., 119) followed.

THIS action was brought to obtain a judicial construction of the last will and testament of John A. Aldrich, deceased, and to compel the executrix, his widow, to give security for its due execution,

in so far as the plaintiff's rights were concerned. The plaintiff claims, as sole devisee and legatee under the will of his deceased wife, who was the daughter of the above named testator, and died August 21st, 1872; her father, said testator, having died the previous year. The will, construction of which is here sought, reads as follows:

"After all my lawful debts are paid and discharged, I give and bequeath to my beloved wife, Myriam C. Aldrich, all my estate, both real and personal, for and during her natural life, to have, use, hold and enjoy the same, and at any time that to her may seem expedient and proper, full power to sell and convey all or part of the real estate to such person or persons as to her may seem proper, by good and sufficient deeds of conveyance. And to have, use and enjoy the same and all proceeds thereof, during her natural life; and at and after her decease, it is my will that all my estate, either real or personal, be equally divided between my two children, and to the survivor or survivors, share and share alike, namely, William F. Aldrich, my son, and Mary A., now the wife of John D. Weed, in her own right, and to their heirs them surviving, giving to my said wife, Myriam C., full power to sell and convey in fee simple, all my real estate, should she at any time think best to do so, and convert the same into personal estate. Likewise, I make, constitute and appoint my said wife, Myriam C. Aldrich, my sole executrix, to be executrix of this my last will and testament, hereby revoking all former wills by me made."

After trial before the court, at Special Term, it was decided, among other findings of fact and law, that the widow, Myriam C. Aldrich, was entitled under the will, only to the use and income of the real and personal estate of the testator, during her natural life, and to no other or greater estate; that the daughter, Mary, and the son, John, were each entitled to one equal undivided half part of such real and personal estate, subject only to said life estate of said Myriam, and that the right of said Mary and John respectively, vested on the decease of said testator. It was further found that there was danger of waste and loss of the property in the hands of the executrix, and she was required to give security as was demanded, or, in default thereof, that a receiver be appointed, with a view to the preservation of the property. An injunction was also decreed, and the costs of the action were directed to be paid from the estate.

Judgment having been entered on the decision at Special Term, the defendant appealed to the General Term.

*S. D. Halliday,* for the appellants.

*G. S. Camp,* for the respondent.

BOCKES, J. :

We are of the opinion that the court at Special Term was right, in the exposition there given of the will here brought under examination. It is evident that the testator intended to give but a life estate in the property to his widow. Such intent, we think, is plainly derivable from the language employed in the instrument. The material part of the will is contained in a single paragraph, which, stripped of all tautology and unimportant verbiage, reads substantially as follows : After all my just debts are paid, I give and bequeath to my wife, Myriam, all my estate, both real and personal, for and during her natural life ; and at and after her decease, such estate to be equally divided between my two children, William and Mary. There was also a power of sale of the real property conferred upon the wife, Myriam, with the right, in case of sale, to the use of the proceeds, the same as above expressed. It is very evident that the testator did not intend to give the entire and absolute estate to his wife ; but only its use during her life. The terms employed are unmistakable; they are, "*for and during her natural life ;*" "*to have, use and enjoy the same, and all proceeds thereof during her natural life ;*" proceeds referring to the avails of sale, in case of a sale pursuant to the power. And on her decease, disposition was made of the estate to the two children, William and Mary — not of a portion, or what might remain of the estate after an appropriation of a part of it by the wife ; but, in the language of the instrument, " it is my will that *all my estate,* either real or personal, be equally divided between my two children, and to the survivor or survivors, share and share alike." We must assume that the testator understood and intended the fair and legal import of the language he employed to express his purpose. So, it was the use and enjoyment of his property, that he gave his wife ; and at her decease, the same ( " all

my estate") was to be equally divided between his two children. The court at Special Term was right, in holding that the widow was entitled to the use and income of the property, and to no other or greater interest.

We are also of the opinion that the court correctly held that the two children, William and Mary, took a vested interest at the testator's death. The language of the will is, that at and after the termination of the life estate, all his, testator's, estate be equally divided between his two children, William and Mary, "and to the survivor and survivors * * * and to their heirs them surviving." Very similar language to that here employed, received construction in *Moore* v. *Lyons.* *

In this case the rule was laid down, that in a devise to one for life, and from and after his death to others, or to the survivor or survivors of them, their heirs and assigns forever, the remaindermen take a vested interest at the death of the testator; and further, that in such case, words of survivorship refer to the death of the testator, and not to the death of the tenant for life, unless, from other parts of the will, it be manifest that the intent of the testator was otherwise. The case of *Moore* v. *Lyons* received a very careful examination, and many decisions are cited, fully sustaining the conclusion there declared; and the rule has been repeatedly recognized and followed since. † The subject has been so elaborately discussed in these and other cases, that nothing remains to be suggested. Nor can it be maintained that there is anything in the will under consideration, which should relieve it from the rule of construction above alluded to. On the contrary, it seems the plain intention of the testator, derivable from a full reading of the instrument, that his two children should have his property, subject to its use and enjoyment by his wife during her life. Such is the meaning and legal signification of the instrument in its entirety, with no indication or suggestion of a different intent. So the words, "at and after her decease," must be deemed to relate to the

* 25 Wend., 119.

† Livingston v. Greene, 52 N. Y., 118; Manice v. Manice, 43 id., 303; McKinstry v. Sanders, 2 N. Y. Sup. Ct. R., 181; [S. C., 1 Hun, 352. Rep.]; affirmed in Court of Appeals Sept. 22, 1874; Hopkins v. Hopkins, 3 N. Y. Sup. Ct. R., 527; Chinn v. Keith, 4 id., 126; [S. C., 1 Hun, 589. Rep.]

period of the enjoyment of the estate, and not to the time of its vesting in interest.

The views above expressed, if sound, substantially dispose of this case. The right of the deceased daughter to the property, passed under her will to the plaintiff, her husband, who was her sole devisee and legatee. He therefore holds her position in regard to the property. It will be also readily observed, on looking into the evidence given on the trial, that the court was right, in the finding that there was danger of loss of the property devised and bequeathed. Hence, the plaintiff was entitled to the protection of the court in the form decreed.

The judgment should be affirmed, with costs of appeal against the appellants personally. This is not a case, as we think, where continued litigation should be permitted at the expense of the estate.

MILLER, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs of appeal against the appellants, personally.